IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2017 Session

## CONOLY BROWN, ET AL. v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 16-0180-I        Claudia Bonnyman, Chancellor

_____

### No. M2016-02269-COA-R3-CV

_____

Two individuals purchased commercial property for the purpose of housing a business offering "flex loans" to consumers; the property owners were denied a building permit because the Zoning Administrator concluded that "flex loans" constituted cash advances, and consequently, the property owners' intended use violated the requirement in the Metropolitan Nashville and Davidson County Code of Ordinances that cash advance, check cashing, or title loan businesses be at least 1,320 feet apart. The property owners appealed to the Board of Zoning Appeals, which affirmed the decision of the administrator. The property owners then petitioned for certiorari review in Davidson County Chancery Court; the court granted the writ and, after a hearing, affirmed the Board's decision. Finding that the decision of the Board is supported by substantial and material evidence and is not arbitrary or capricious, we concur with the decision of the trial court and affirm the Board's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Peter H. Curry, Nashville, Tennessee, for the appellants, Conoly Brown and David Anthony Hood.

John Cooper, Director of Law; Lora Barkenbus Fox and Catherine J. Pham, Metropolitan Attorneys, Nashville, Tennessee, for the appellees, Metropolitan Government of Nashville & Davidson Co. and Board of Zoning Appeals of Nashville & Davidson Co.

**OPINION**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Conoly Brown and David Hood ("Petitioners") own Tennessee Quick Cash, Inc., which operates retail consumer lending stores. In September 2015, Petitioners purchased commercial property at 2535 Lebanon Pike in Nashville, where they intended to open a business offering "flex loans" to the public[1]; they applied for a building permit for the Property. Section 17.16.050 (D) (1) of the Metropolitan Nashville and Davidson County Code of Ordinances ("the Code"), provides that no "cash advance," "check cashing," and "title loan" businesses may be located within 1,320 feet of each other. At the time of Petitioners' application, Title 17 of the Code, which governs zoning, did not define "flex loan"; as a consequence, the Zoning Administrator had to determine which of the existing land use classifications "flex loans" was most similar.[2] During the review, the Zoning Administrator concluded that a "flex loan" is most closely akin to a "cash advance"[3] and classified it as such; because their property was located less than 1,320 feet[4] from one of these businesses, Petitioners' application for a building permit was denied. Petitioners appealed the Zoning Administrator's decision to the Board of Zoning Appeals ("the

---

[1] In 2014, the Tennessee legislature passed the Flexible Credit Act, Tenn. Code Ann. § 45-12-101 *et seq.*, which defined a new type of loan agreement, known as the "flex loan," defined as "a loan made pursuant to a flex loan plan." *Id.* at § 102(5). A flex loan plan is defined as:

> [A] written agreement subject to this chapter between a licensee and a customer establishing an open-end credit plan under which the licensee contemplates repeated noncommercial loans for personal, family, or household purposes, that:
>
> > (A) May be unsecured or secured by personal property;
> > (B) May be without fixed maturities or limitation as to the length of term; and
> > (C) Are subject to prepayment in whole or in part at any time without penalty;

*Id.* at § 102 (6).

[2] Under Metro Code § 17.08.030(c). the Zoning Administrator "is empowered to categorize new land uses not enumerated in this title according to the most comparable land use classification established by this title." In applying the zoning ordinance, the Zoning Administrator is required to construe "[a]ll provisions, terms, phrases and expressions contained in [the MZO] . . . in order that the true intent and meaning of the metropolitan county council may be fully carried out." *Id.* at § 17.04.050(a).

[3] Metro Code § 17.04.060 defines "cash advance" as "any building, room, space or portion thereof where unsecured, short-term cash advances are provided, including those made against future pay checks, as regulated by Title 45, Chapter 17, of the Tennessee Code Annotated."

[4] It is undisputed that the property was less than 1,320 feet away from a "cash advance," "check cashing," or "title loan" business.

Board"); in due course, the Board met, heard Petitioners' appeal, and upheld the decision of the Zoning Administrator.

Petitioners filed a Petition for Writ of Certiorari ("the Petition") in Davidson County Chancery Court, asserting two grounds on which it should be granted:

A. The artificial distinction between the exact same uses based on state licensing requirements is unconstitutional, being both a violation of the Equal Protection and Due Process provisions of the State and Federal Constitutions.[5]

B. The finding that a flex loan business use should be classified as a cash advance use rather than as a financial institution use is erroneous as a matter of law; violates the Metro Zoning Code; and is illegal, arbitrary and capricious.

The court issued the writ and held a hearing, at the conclusion of which it announced its ruling from the bench. A final order, incorporating the oral ruling was duly entered, with the court concluding that the "Board's decision was based on sufficient evidence and was a reasonable exercise of judgment"; the court affirmed the Board of Zoning Appeals' decision. Petitioners appeal.

## II. STANDARD OF REVIEW

Judicial review of an action by an administrative body, such as the Board of Zoning Appeals, is by way of the common law writ of certiorari. Tenn. Code Ann. § 27-8-101; *see also Demonbreun v. Metropolitan Bd. of Zoning Appeals*, 206 S.W.3d 42, 46 (Tenn. Ct. App. 2005); *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990). Under the common law writ of certiorari, review is limited to whether the administrative body exceeded its jurisdiction or acted illegally. Tenn. Code Ann. § 27-8-101; *Demonbreun*, 206 S.W.3d at 46; *Massey v. Shelby County Retirement Bd.*, 813 S.W.2d 462, 464 (Tenn. Ct. App. 1991). Action that can be characterized as arbitrary or capricious or that is unsupported by material evidence also warrants reversal or modification. *Demonbreun*, 206 S.W.3d at 46; *Massey*, 813 S.W.2d at 464; *McCallen*, 786 S.W.2d at 642. "[T]he court's primary resolve is to refrain from substituting its judgment for that of the local governmental body." *McCallen*, 786 S.W.2d at 641; *See Capps v. Metro. Gov't of Nashville and Davidson Cty.*, 2008 WL 5427972, at *6 (Tenn. Ct. App. Dec. 31, 2008) ("In recognition of the policy that favors permitting the community decision-makers closest to the events to make the decision, the courts refrain from substituting their judgments for the broad discretionary power of the local

---

[5] Petitioners struck the constitutional claims from the Petition at the hearing in Chancery Court, and they are not at issue in this appeal.

3

governmental body"). Our scope of review is no broader than that of the trial court. *Demonbreun*, 206 S.W.3d at 46.

## III. DISCUSSION

We first address Petitioner's contention that the trial court applied the wrong standard when it reviewed the Board's decision. Specifically, they assert that "[t]he issue was solely one of statutory interpretation, an issue that is to be determined as a matter of law" and that the case should have been resolved "without deference to the lower tribunal." We do not agree with this contention.

As the Zoning Administrator and the Board construed and applied the Code to the proposed "flex loan" business, the question to be resolved was which of the existing use classifications flex loans most resembled. The meaning of a zoning ordinance and its application to a particular circumstance are, in the first instance, questions for the local officials to decide; accordingly, courts give wide latitude to local officials who are responsible for implementing zoning ordinances, *Whittemore v. Brentwood Planning Comm'n.,* 835 S.W.2d 11, 15-16 (Tenn. Ct. App. 1992). "There is a strong presumption of validity favoring the actions of a zoning agency when applying and interpreting its own ordinances, and a reviewing court will defer to a zoning board's interpretation and application of its ordinance, unless such interpretation or application is capricious, arbitrary or discriminatory." *Harding Acad. v. Metro. Gov't. of Nashville & Davidson Cty.,* 207 S.W.3d 279, 286 (Tenn. Ct. App. 2006). This was a question reserved to the Administrator and, upon appeal, to the Board[6]; consistent with controlling authority, the trial court's review, as well as ours, is deferential.

Petitioners argue that the Zoning Administrator erred in categorizing "flex loans" as most comparable to "cash advances"; they contend that the most appropriate classification under the Code is "financial institutions."[7]

At the hearing, Petitioners argued that "flex loans" are a product of a "financial institution," and are the same or nearly the same product as a traditional bank offers; their counsel explained the characteristics of "flex loans" and the similarities and dissimilarities of "flex loans" to "cash advances." Petitioners also stated that "flex loans" allow for the lender to charge higher interest rates and fees than those charged at traditional banks and credit unions, and that the risk of default was greater with "flex

---

[6] Where the Administrator categorizes a new land use, the decision is appealable to the Board of Zoning Appeals. Metro Code § 17.08.030(c).

[7] Metro Code § 17.04.060 defines "financial institution" to mean "any building, room, space or portion thereof where an establishment provides a variety of financial services, including, generally banks, credit unions, and mortgage companies, but excluding cash advance, check cashing, and title loan establishments."

loans," which are made to people who sometimes did not have the credit to qualify for a traditional bank loan.

The Zoning Administrator, Bill Herbert, advised the Board that he came to the conclusion that flex loans were best categorized as "cash advances" for the purposes of applying the Code and were therefore excluded from the definition of "financial institution"; he explained his decision:

> So I look at financial institution and it says, financial institution means any building, room, space, or portion thereof where an establishment provides a variety of financial services including generally finance credit unions and mortgage companies but excluding cash advance, cash advance check cashing, and title loan establishments.

> So historically, we've applied financial institution, that land use classification, to your traditional bank and your traditional credit union or mortgage company.

> I then turned and looked at the definition of cash advance. Cash advance means any building, room, space, or portion thereof where unsecured, short-term cash advances are provided, including -- including those made against future pay checks, as regulated under Title 45, Chapter 17 of Tennessee Code Annotated.

> And to me, that word "including" actually carried a whole lot of meaning there, because that – it's not exclusive. In other words, it's not -- a cash advance is not exclusively a land use that is – it's a business that lends against future paychecks, as regulated under that state law.

> So going back to the definition of cash advance, I was left with, is it – it's a situation where unsecured, short-term cash advances are provided. So to me, in weighing all of this out, I was left between, do I classify it as a financial institution, a traditional bank, or cash advance?

> In weighing all of that out, I landed on the definition of cash advance, and I got there simply because I thought it was the most comparable land use classification as that – as I'm empowered to make that classification under the zoning code. And also, I felt like it was most reflective of the true intent and meaning of what the Council had. So trying to carry out the Council's full intent, that's how I landed where I did.

Upon our review of the record, the decision to classify "flex loans" as "cash advances" for the purposes contemplated by the Code is supported by the evidence

and is not arbitrary or unreasonable. There is no dispute that "flex loans" service customers who were not served by traditional banks or financial institutions and permit the lender to charge higher interest rates and fees than at traditional banks; there is also a higher risk associated with such loans. In addition, both "flex loans" and "cash advances" operate as unsecured short-term loans.[8] Flex loans are the type of products which are specifically excluded from the definition of "financial institutions" in Metro Code section 17.04.060.

Pursuant to the Metropolitan Code, the Zoning Administrator is vested with the authority to classify land which has not been defined in the Code; the Administrator did so here and thoroughly explained his decision to the Board, which it adopted. As so classified, locating the business in the proposed location would have violated section 17.16.050 (D) (1) of the Code; the building permit was properly denied. Applying the appropriate standard of review, we affirm the Board's decision and the judgment of the trial court.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

RICHARD H. DINKINS, JUDGE

---

[8] Flex loans may also be secured. *See* Tenn. Code Ann. § 45-12-102 (6).